# FIFTH DIVISION
## MCFADDEN, C. J.,
## RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 17, 2021**

# In the Court of Appeals of Georgia

A21A0519. CITY OF HAPEVILLE et al. v. SYLVAN AIRPORT   McF-020
PARKING, LLC.

MCFADDEN, Chief Judge.

Sylvan Airport Parking, LLC, d/b/a Peachy Airport Parking (hereinafter, "Peachy Airport Parking") brought an action for declaratory and injunctive relief against the City of Hapeville and its mayor and members of its city council in their official and individual capacities. The relief sought by Peachy Airport Parking concerned the city's threatened use of a city tax ordinance to prohibit Peachy Airport Parking from using a particular parcel of land as a parking facility. Among other things, Peachy Airport Parking asked the trial court to declare that ordinance unconstitutionally vague. Citing sovereign immunity, the defendants moved to

dismiss the action. The trial court denied the defendants' motion and we granted interlocutory review.

As detailed below, we affirm in part and reverse in part the trial court's judgment. We affirm the denial of the motion to dismiss the claims for declaratory relief against the city and the individual defendants in their official capacities, because those claims are subject to a statutory waiver of sovereign immunity. But no such waiver exists permitting the claims for injunctive relief against the city and the individual defendants in their official capacities, so we reverse the denial of the motion to dismiss as to those claims. Finally, we affirm the denial of the motion to dismiss the claims for both declaratory and injunctive relief against the individual defendants in their individual capacities, because these claims are not subject to sovereign immunity and the complaint stated claims for such prospective relief.

1. *Procedural background.*

As stated above, Peachy Airport Parking filed a petition for declaratory and injunctive relief against the city and the individual defendants in both their official and individual capacities. In the petition, Peachy Airport Parking alleged that it owned "combined tracts of land commonly identified as [a single address]" within the city on which, since 2011, it has conducted a parking-services business pursuant to

2

a commercial occupational tax permit that it renews annually. In 2018, the city cited Peachy Airport Parking for violating the city's occupational tax ordinance by operating its parking facility on one of the eleven parcels making up the combined tracts. Peachy Airport Parking interpreted the citation to refer to Section 17-5-23 of the city's code of ordinances, which provides:

> Where a business or profession is operated at more than one place or where the business includes more than one line, the business or profession shall be required to obtain the necessary tax certificate for each location and line and pay an occupation tax in accordance with the prevailing taxing method and tax rate for each location and line.

The city's municipal court dismissed the citation against Peachy Airport Parking, but the city informed Peachy Airport Parking that if it parked vehicles on the parcel it would violate the city's occupational tax codes and be subject to another citation. An employee of the city also informed Peachy Airport Parking that it was not entitled to a commercial occupational tax permit for the parcel.

Peachy Airport Parking filed this action in superior court seeking a declaration that it is not in violation of the city's code of ordinances, that it is only operating one line of business under Section 17-5-23, that Section 17-5-23 is unconstitutionally vague, that its commercial occupational tax permit covers the parcel at issue, that it

3

is authorized to park cars on the parcel in question, and that further prosecution of it for doing so would be unlawful. In this action, Peachy Airport Parking also sought an injunction barring the defendants from further prosecuting it for parking cars on the parcel.

The defendants moved to dismiss for lack of subject matter jurisdiction under OCGA § 9-11-12 (b) (1) and for failure to state a claim upon which relief can be granted under OCGA § 9-11-12 (b) (6). They asserted that sovereign immunity barred the claims against the city and the individual defendants in their official capacities because Peachy Airport Parking had shown no waiver of sovereign immunity. And they asserted that the individual defendants were also entitled to sovereign immunity against the claims brought against them in their individual capacities because the relief sought by Peachy Airport Parking could only be granted by the city. The trial court denied the motion.

2. *Claims against the city and the individual defendants in their official capacities.*

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law." *Ga. Dept. of Transp. v. Thompson*, 354 Ga. App. 200 (840 SE2d 679) (2020) (citation and punctuation

4

omitted). Although the trial court's "[f]actual findings are sustained if there is any evidence supporting them, and the burden of proof is on the party seeking [a] waiver of immunity," id. (citation and punctuation omitted), in this case the trial court made no factual findings, nor were any necessary for the trial court to determine whether sovereign immunity had been waived under the circumstances of this case.

"The constitutional doctrine of sovereign immunity bars any suit against the [s]tate to which it has not given its consent, including suits against state departments, agencies, and officers in their official capacities, and including suits for injunctive and declaratory relief from the enforcement of allegedly unconstitutional laws." *Lathrop v. Deal*, 301 Ga. 408, 444 (IV) (801 SE2d 867) (2017). This includes suits against municipalities. *Godfrey v. Ga. Interlocal Risk Mgmt. Agency*, 290 Ga. 211, 214 (719 SE2d 412) (2011). To avoid dismissal of its claims against the city and the individual defendants in their official capacities, Peachy Airport Parking must point to a waiver in either our state Constitution or statutory law. See *Lathrop*, supra at 444 (IV).

(a) *Claim for declaratory relief.*

As stated above, Peachy Airport Parking's complaint included a claim for a declaration that Section 17-5-23 of the city's code of ordinances could not be

5

enforced against it because the ordinance was unconstitutionally vague. In *City of Rincon v. Ernest Communities*, 356 Ga. App. 84, 86 (1) (846 SE2d 250) (2020), we held that, under OCGA § 9-4-7 (b), "a municipality is subject to a declaratory judgment action where, as here, the validity of its ordinance is challenged." OCGA § 9-4-7 (b) provides that "[i]n any proceeding involving the validity of a municipal ordinance or franchise, the municipality shall be made a party and shall be entitled to be heard fully as a party." As explained in the *City of Rincon* decision, OCGA § 9-4-7 (b) constitutes a waiver of sovereign immunity in the declaratory judgment action, and the trial court did not err in denying the motion to dismiss the declaratory judgment claim against the city and the individual defendants in their official capacities. See *City of Rincon*, supra at 86 (1).

(b) *Claim for injunctive relief.*

Unlike the claim for declaratory relief, however, no waiver of sovereign immunity permits the claim for injunctive relief against the city and the individual defendants in their official capacities. See *City of Rincon*, supra at 86-87 (1). We disagree with Peachy Airport Parking that OCGA § 36-33-1 (b) is the source of a statutory waiver. That Code section provides: "Municipal corporations shall not be *liable* for failure to perform or for errors in performing their legislative or judicial

6

powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be *liable.*" OCGA § 36-33-1 (b) (emphasis supplied). The waiver of sovereign immunity contained in this Code section does not apply to Peachy Airport Parking's claim for injunctive relief, because a claim for injunctive relief does not seek to impose *liability* on the defendants. As our Supreme Court explained in *Lathrop v. Deal*, supra, the term "'liability' often refers to a financial or pecuniary obligation, that is, monetary damages[.]" 301 Ga. at 442 (III) (C) (citation and punctuation omitted). And, as in *Lathrop*, that usage of the term "liability" is consistent with surrounding language, in this case the language of OCGA § 36-33-1 (a), which addresses the immunity of municipal corporations "from liability *for damages*." OCGA § 36-33-1 (a) (emphasis supplied). See *Lathrop*, 301 Ga. at 442 (III) (C) (noting that the usage of "liability" in the second sentence of Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) (as amended in 1991) to refer to financial or pecuniary obligations was consistent with the first sentence of that provision, "which speaks of public officers being 'liable for injuries and damages'").

Because the claim for injunctive relief against the city and the individual defendants in their official capacities was not subject to a waiver, sovereign immunity

barred it and the trial court erred in denying the motion to dismiss this claim for lack of subject matter jurisdiction under OCGA § 9-11-12 (b) (1).

3. *Claims against the individual defendants in their individual capacities.*

Sovereign immunity does not apply to claims brought against persons in their *individual* capacities. See *Bd. of Commrs. of Lowndes County v. Mayor & Council of the City of Valdosta*, 309 Ga. 899, 903 (2) (b) (848 SE2d 857) (2020). Nevertheless, the individual defendants assert that it applies to the claims brought against them in their individual capacities in this case because, as individuals, they were not the real parties in interest. This contention has no merit. "The limited circumstances in which [our Supreme Court has] held that sovereign immunity is applicable under a real-party-in-interest theory[,] primarily have included attempts to control the real property rights and contractual obligations of the [s]tate." Id. at 905 (2) (c). Because "the relief [Peachy Airport Parking] seeks would not alter the title, possession, or usage of any real property of the [city] or interfere with any [city] contracts," sovereign immunity does not apply to the individual-capacity claims in this case. Id. at 908 (3).

Because sovereign immunity does not bar an action for prospective declaratory or injunctive relief against the individual defendants in their individual capacities, the

8

merits of their motion to dismiss turn on whether the petition states a claim under OCGA § 9-11-12 (b) (6). Such a motion

> should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020) (citation omitted). Under this standard, Peachy Airport Parking's complaint stated a claim for declaratory and injunctive relief against the city's mayor and members of its council in their individual capacities. The complaint asserted that the city council "is the governing authority of the [c]ity . . . and is empowered to enact *and implement* land use regulations." Within the framework of this complaint, Peachy Airport Parking could introduce evidence showing that the mayor and council members had enforcement authority related to the issues upon which Peachy Airport Parking seeks declaratory and injunctive relief. So, "at this time, it cannot be said that the allegations of the complaint[ ] disclose with certainty that (Peachy Airport Parking) would not be entitled to relief under *any* state of provable facts asserted in support,"

*Dawson County Bd. of Commrs. v. Dawson Forest Holdings*, 357 Ga. App. 451, 460 (4) (850 SE2d 870) (2020) (citation and punctuation omitted; emphasis in original), and the trial court did not err in denying the motion to dismiss the individual-capacity claims.

4. *Challenge to the trial court's construction of the complaint under a OCGA § 9-11-12 (b) (6) standard rather than making factual findings.*

Finally, the defendants argue that the trial court erred when, in resolving their motion to dismiss for lack of subject matter jurisdiction under OCGA § 9-11-12 (b) (1), the trial court construed the facts asserted in the complaint under the standard appropriate for a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6), rather than making factual findings. See generally *Thompson*, 354 Ga. App. at 205-206 (1) (noting that trial court serves as finder of fact in ruling on a motion to dismiss under OCGA § 9-11-12 (b) (1)).

This challenge only applies to the motion to dismiss the claims made against the city and the individual defendants in their official capacities, because those are the only claims that implicate sovereign immunity and are potentially subject to dismissal under OCGA § 9-11-12 (b) (1). But we need not address the merits of the defendants' argument, because the resolution of the sovereign immunity claims in this

10

particular case, as discussed in above in Division 2, do not involve any factual disputes.

The individual-capacity claims are not subject to sovereign immunity, so the trial court properly decided those claims under OCGA § 9-11-12 (b) (6).

*Judgment affirmed in part and reversed in part. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.